541. MACON, DUBLIN & SAVANNAH RAILROAD Co. *v.* CALHOUN.

HILL, C. J. The judgment of the superior court, sustaining the certiorari and remanding the case to the justice's court for a new trial, with directions, is affirmed, with direction from this court to the superior court to add to said instructions the following: that the plaintiff in the justice's court be allowed to amend the copy of his cause of action, attached to the summons, by striking therefrom the word "defendant," wherever it occurs in said copy, and substituting therefor the word "plaintiff."

        *Judgment affirmed, with direction.*

Certiorari, from Montgomery superior court—Judge Martin. May 18, 1907.

Argued October 23,—Decided November 25, 1907.

Calhoun brought suit against the Macon, Dublin & Savannah Railroad Company, in a justice's court. The summons was in the usual form. The copy of the cause of action, attached to the summons, was in the following language: "The Macon, Dublin & Savannah R. R. you are Dr. to C. H. Calhoun $8.00 for killing one heifer two years old belonging to said defendant, By the engine of a freight train, at 82 mile post in said district, on or about the 20th day of August 1906 and the said C. H. Calhoun are damage to the amount of eight dollars caused by the careless running and managing of the locomotive By employee of said railroad company the heifer was well worth amt. defendant did not cause the damage by any negligence on his part and defendant is damaged to said amt. $8.00 in said summons." The railroad company filed a general demurrer to the summons, on the ground that no cause of action is set forth and no specific acts of negligence are alleged. The justice overruled the demurrer, and, after hearing the evidence, rendered a judgment in favor of the plaintiff, for $8 and costs. The defendant filed a petition for certiorari. The judge of the superior court sustained the certiorari and remanded the case to the court below for a new trial, with instruction to render a verdict for the defendant, "unless a stronger case is made for the plaintiff, C. H. Calhoun." To this order the defendant excepted, because the superior court should have rendered a final judgment in the case, as the error of the magistrate in overruling the demurrer to the summons was an error of law which must finally govern the case. It was contended that the summons did not comply with the Civil Code, §4116, in that it did not have attached to it a sufficient notice as to the character of the plaintiff's demand; and that it appearing, from the copy of the cause of action, attached to the summons, that the heifer belonged to "defendant," that the "defendant did not cause the damage by any negligence on his part," and that "defendant" is damaged to the amount sued for, no cause of action was shown; because the defendant had the right to kill its own heifer, either by negligence or otherwise.

*Akerman & Akerman, W. L. Wilson,* for plaintiff in error.